1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  CONNOR M. TRAFTON, CASB No. 327197
   connor.trafton@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   Los Angeles, California  94133
5  Telephone:     (415) 398-6000
   Facsimile:     (415) 981-0136
6
7
   Attorneys for Defendant
8  M/V ROYAL BUZZARD, INC.

9

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  KEVIN R. SMOCK,                    ) Case No. 2:20-cv-08043
                                       )
14                       Plaintiff,    ) **NOTICE OF REMOVAL BY**
                                       ) **DEFENDANT UNDER 28 U.S.C.**
15            vs.                      ) **§§ 1332, 1441, AND 1446**
                                       )
16  M/V ROYAL BUZZARD, INC., and       ) **[DIVERSITY JURISDICTION]**
    DOES 1 through 10, inclusive,      )
17                                     )
                                       )
18                       Defendants.   )
                                       )
19

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

21  CENTRAL DISTRICT OF CALIFORNIA:

22            PLEASE TAKE NOTICE that Defendant M/V ROYAL BUZZARD, INC.

23  ("Defendant") hereby removes to this Court the State Court action described below:

24              **PROCEDURAL BACKGROUND**

25            On July 15, 2020, Plaintiff KEVIN R. SMOCK (hereinafter "Plaintiff")

26  filed a Complaint in the Superior Court of the State of California, County of Los

27  Angeles, thereby commencing a civil action entitled KEVIN R. SMOCK v. M/V ROYAL

28  BUZZARD, INC., and DOES 1 through 10, inclusive Case No. 20STCV26646 (the "State

- 1 -

Court Action"), against Defendant.  A true and correct copy of all processes, pleadings and orders received by Defendant on August 15, 2020 in the State Court Action, including the aforementioned Summons and Complaint, are attached hereto as Exhibit "A."

## JURISDICTIONAL BASIS FOR REMOVAL - DIVERSITY

1.      The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.  28 U.S.C. § 1332.  Diversity jurisdiction exists to provide a "neutral" forum in cases where one or more of the parties is a citizen of another state or country, and to protect against local prejudice in state courts.  *See Asher v. Pac. Power and Light Co.*, 249 F. Supp. 671, 674 (N.D. Cal. 1965).  Here, this Court has original jurisdiction because complete diversity exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

## COMPLETE DIVERSITY AMONG THE PARTIES EXISTS

2.      Plaintiff is a resident and citizen of the State of California.  *See* Complaint, ¶ 3, attached as Exhibit "A"; *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence is a factor in domicile for diversity jurisdiction).

3.      Defendant is a citizen of Oregon where it maintains its principal place of business and where it is incorporated.  *See* Complaint ¶ 2;  28 U.S.C. § 1332(c)(1) ("corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .");  *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (principal place of business refers to "nerve center" where corporation's high level officers direct, control and coordinate the corporation's activities).

4.      Although there are fictitiously designated defendants referred to in the Complaint, such fictitious defendants are to be disregarded for purposes of this petition.  28 U.S.C. § 1441(b)(1).

5.      Because Plaintiff is a citizen of California and Defendant is not a citizen of California (but rather a citizen of Oregon) the citizenship of all parties is diverse.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

6.      Removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.  28 U.S.C. § 1446(c)(2)(B).  Plaintiff alleges that, on or about July 24, 2018, he "stepped onto the engine room stairs and began to descend.  When he reached the second step down, the mechanism that retained the stairs in the open position seemingly failed, causing the stairs treads to fold into the closed position, turning the stairs into a steep slide and causing plaintiff to fall to the bottom of the stairs where he sustained serious injuries, including but not limited to injuries to his back, left shoulder, left knee and left ankle." *See* Complaint, ¶ 9.  Plaintiff claims that he was "hurt and injured in his health, strength, and activity, sustaining severe physical injury to her [sic] body, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering." *See* Complaint, ¶ 10.  Plaintiff further alleges that "some or all of the injuries will result in permanent damage, disability, pain, and suffering, causing general damages in an amount within the jurisdictional requirements of this court." *See* Complaint, ¶ 10. Plaintiff also seeks pre-judgment interest, and costs of suit.

7.      While Plaintiff's Complaint does not state the amount of damages he is seeking, it is facially apparent that based on the nature of his alleged injuries and the types of damages he is seeking, the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (holding that the "facially apparent" standard is appropriate in determining the amount in controversy for removal purposes); *Kammerdiener v. Ford Motor Co.*, 2010 U.S. Dist. LEXIS 23522 (C.D. Cal. Feb. 24, 2010) (finding that it is facially apparent from the complaint that the amount in controversy exceeds $75,000

1    based on Plaintiff's alleged damages for wrongful death and personal injuries, including

2    general and special damages).  Because this Court must assume the truth of Plaintiff's

3    allegations, that he sustained severe and permanently disabling injuries to his back,

4    shoulder, knee, and ankle, and assume that a jury will return a verdict in favor of

5    Plaintiff on all of his claims, Defendant submits that it is facially apparent from the

6    Complaint that the amount in controversy exceeds $75,000.  *Mendoza v. OM Fin. Lif.*

7    *Ins. Co.¸* 2009 U.S. Dist. LEXIS 59008, *8-9 (N. D. Cal., June 25, 2009).  Should

8    Plaintiff oppose removal on the grounds that the amount in controversy does not exceed

9    $75,000, Defendant requests that it be permitted to conduct jurisdictional discovery on

10   this subject.

11                        **TIMELINESS OF REMOVAL**

12            8.      As required by 28 U.S.C. section 1446(b)(3), this Notice of

13   Removal is timely because it is being filed within thirty (30) days from receipt of the

14   Complaint by Defendant on August 15, 2020.  *See* Fed. R. Civ. P. 6(a)(1)(C); Trafton

15   Decl., ¶¶ 3-5; Trafton Decl., Exh. A.  Alternatively, this Notice of Removal is timely

16   because it is being filed within thirty (30) days from the completion of service

17   according to Cal. Code Civ. Proc. § 415.40, which states that service by mail on an out-

18   of-state defendant is deemed complete ten (10) days after mailing.  Plaintiff served the

19   Complaint via mail on July 31, 2020, therefore service was deemed complete on

20   August 10, 2020.

21                                **VENUE**

22            9.      Plaintiff filed the State Court Action in the Superior Court of the

23   State of California, in and for the County of Los Angeles.

24            10.     Pursuant to 28 U.S.C. section 1446(a) (which states that venue lies

25   in the district and division in which the state court proceeding is pending), Defendant is

26   removing this case to the United States District Court for the Central District of

27   California, which is the district and division in which the State Court Action is pending.

28   *See* Trafton Decl., ¶ 6.

- 4 -

## NOTICE TO STATE COURT AND PLAINTIFFS

11.     Pursuant to 28 U.S.C. § 1446(d), Notice of Removal is concurrently being filed with the Superior Court of California, County of Los Angeles (*see* Trafton Decl., ¶ 7 & Exh. "B," attached without exhibits, which are incorporated fully in the federal removal documents) and being served on Plaintiff (*see* Trafton Decl., ¶ 7 & Exh. "C," attached without exhibits, which are incorporated fully in the federal removal documents).

WHEREFORE, Defendant hereby removes Los Angeles County Superior Court Case No. 20STCV26646 to the United States District Court for the Central District of California.

DATED:  September 4, 2020

JOHN D. GIFFIN
CONNOR M. TRAFTON
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
M/V ROYAL BUZZARD, INC.

KYL4831-7712-6089.1

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/16/2020 10:01 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk

Case 2:20-cv-08043-AB-JPR Document 1 Filed 09/04/20 Page 7 of 22 Page ID #:8

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

M/V ROYAL BUZZARD, INC.; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN R. SMOCK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br><em>(El nombre y dirección de la corte es):</em> Los Angeles Superior Court</td><td>CASE NUMBER:<br><em>(Número del Caso):</em><br><br>20STCV26646</td></tr>
</table>

Stanley Mosk Courthouse-Central District
111 North Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Charles D. Naylor, #62243, 11 Golden Shore, #350, Long Beach, CA 90802      310-514-1200

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: | 07/16/2020 | Clerk, by | M. Mariano | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

Electronically FILED by Superior Court of California, County of Los Angeles on 07/15/2020 12:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:20-cv-08043-AB-JPR    Document 2    Filed 09/04/20    Page 8 of 22    Page ID #:9

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

CHARLES D. NAYLOR, State Bar No. 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, California 90802
Telephone:      (310) 514-1200
Facsimile:      (310) 514-1837
E-Mail:          cnaylor@naylorlaw.com


Attorney for Plaintiff, KEVIN R. SMOCK


SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KEVIN R. SMOCK,<br><br>            Plaintiff,<br><br>vs.<br><br>M/V ROYAL BUZZARD, INC., and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.  20STCV26646<br><br>**COMPLAINT FOR DAMAGES FOR INJURIES UNDER GENERAL MARITIME LAW; DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, KEVIN R. SMOCK, (hereinafter "Plaintiff") and for causes of action

against defendants, and each of them, complains and alleges as follows:

**JURISDICTION & VENUE**

1.      This action is brought under the general maritime law of the United States, for damages for

personal injuries suffered by Plaintiff while he was aboard defendant's vessel, at their express invitation,

to perform engine repairs while Defendant's vessel was berthed on navigable waters, at defendants private

dock on Balboa Island, California.  Plaintiff elects to bring this action in state court pursuant to the "saving

to suitors" clause of Title 28, U.S.C. section 1333 (1).

2.      Plaintiff is informed and believes and thereon alleges, that at all times herein material, defendant,

M/V ROYAL BUZZARD, INC. (hereinafter "BUZZARD"), was and is a corporation organized under the

laws of the state of Oregon, registered to do business in that state, and is also doing business in the State of California, without maintaining an office in California and without registering with the State of California to do so.  Pursuant to California Code of Civil Procedure section 395 plaintiff designates the Superior Court for the County of Los Angeles for trial of this matter. See e.g. *Easton v. Superior Court* (1970) 12 Cal. App. 3d 243, 246.

## GENERAL ALLEGATIONS

3.    At all times herein material, plaintiff was and is a resident of the State of California, County of Los Angeles, and was and is an employee of the Quinn Group Inc., employed by them as a marine mechanic, and at the time of the incident alleged herein, was acting in the course and scope of said employment.

4.    At all times herein material, defendant BUZZARD was the owner and was the owner and/or operator of the vessel M/V ROYAL BUZZARD, U.S. Coast Guard Document No. 1126443 (hereinafter "vessel"), which said vessel defendant used for recreational and/or commercial purposes on navigable waters of the United States, and on the high seas.

5.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and, therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were legally caused by said negligence.

6.    Plaintiff is informed and believes and thereupon alleges that at all times material herein, defendants, and each of them, were the agents, employees, and/or joint venturers of each codefendant, and were acting within the course and scope of such agency, employment and/or joint venture.

7.    At all times material herein, defendant's vessel was moored in its berth, on navigable waters of the United States, at a private dock located on Balboa Island, California.

8.    At all times material herein, plaintiff was aboard defendant's vessel at their express invitation to perform engine repairs in the course and scope of his employment with the Quinn Group.

9.      On or about July 24, 2018, plaintiff was aboard defendant's vessel as a marine mechanic to perform repairs to one of the vessel engines in an engine room below deck.  To allow for the  movement of crew and other workers from the main deck into the engine room, defendant provided a set of aluminum stairs with folding treads, which in the open position provided stair treads, and in the closed position provided a flat surface without treads.  When plaintiff boarded the vessel the stairs to the engine room were in the open position.  To get from the main deck of the vessel to the engine room to perform his work, plaintiff stepped onto the engine room stairs and began to descend.  When he reached the second step down, the mechanism that retained the stairs in the open position seemingly failed, causing the stairs treads to fold into the closed position, turning the stairs into a steep slide and causing plaintiff to fall to the bottom of the stairs where he sustained serious injuries, including but not limited to injuries to his back, left shoulder, left knee and left ankle.

10.      As a direct and legal result of the incident alleged herein plaintiff, was hurt and injured in his health, strength, and activity, sustaining severe physical injury to her body, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering.  Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain, and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

11.      As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for plaintiff to receive medical care and treatment.  Plaintiff is informed and believes and thereon alleges that further such care and treatment will be necessary for an indefinite time in the future.  The cost of plaintiff's medical care and treatment, past and future, is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

12.      As a further direct and legal result of the incident herein alleged, plaintiff was prevented from attending to his usual activities and occupation for a period of time and is informed and believes and thereon alleges that he will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings and earning capacity, the exact amount of which is unknown at this time.  Plaintiff alleges as damages herein such loss of earnings and earning capacity, in an amount

3

according to proof at trial.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

(Negligence - General Maritime Law)

13.     Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 12, inclusive, of the Jurisdiction, Venue, and General Allegations of this Complaint as though the same were fully set forth.

14.     As the owner and operator of the vessel, defendants owed plaintiff a duty to exercise reasonable care under the circumstances to avoid causing personal injuries, including a duty to provide plaintiff with safe ingress to the vessel and to his ultimate workplace aboard the vessel, and to safe egress from the vessel.  Defendants had a further duty to warn plaintiff of any dangerous conditions which were known to them, or could have been known to defendants by reasonable inspection.

15.     Defendants breached their duty of care to plaintiff by, inter alia.

a.  Causing or allowing the means of ingress to and egress from the vessel engine room that it provided to plaintiff, to be in a dangerous and defective condition, in that the set of aluminum stairs with folding treads folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

b.  By providing a set of aluminum stairs with folding treads for plaintiff to use to get from the main deck of the vessel to the engine room to perform his work, which said stairs were in a dangerous and defective condition, in that the stairway treads folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

c.  By selecting, installing and/or approving of the selection and installation of a set of aluminum stairs with folding treads for plaintiff to use to get from the main deck of the vessel to the engine room to perform his work, which said stairs were in a dangerous and defective condition, in that the stairway treads folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

d.  By failing to properly inspect, maintain and repair the set of aluminum stairs they provided to plaintiff to get from the main deck of the vessel to the engine room to perform his work, to such extent that said stairs were in a dangerous and defective condition, and as a result the folding treads folded into

4

the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

e. By failing to take appropriate corrective action, despite actual and/or constructive knowledge of the dangerous conditions described above, prior to plaintiff's fall;

f. By failing to warn passengers, visitors, and invitees, including Plaintiff, of the aforesaid dangerous conditions.

16. As a direct and legal result of defendant's breach of a duty of care owed to plaintiff, plaintiff was injured and suffered damages as aforesaid.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Negligence-33 U.S.C. § 905 (b))

17. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 16, inclusive, of the Jurisdiction, Venue, General Allegations and First Cause of Action of this Complaint as though the same were fully set forth.

18. Plaintiff alleges that in performing his work aboard the vessel, he was working as a harbor worker as defined in 33 U.S.C. § 902(3), and was aboard said vessel in order to perform work thereon, and was at all times acting within the course and scope of his employment.

19. At all times material herein, defendants as the owners, owners pro hac vice, and/or operators of the vessel, owed plaintiff a duty not to negligently cause him injury, and more specifically, the defendants and each of them, owed plaintiff the duty of:

a. Exercising due care under the circumstances in turning over the vessel, its gear, equipment and workspaces in a reasonably safe condition so that plaintiff could safely carry out his work, including the duty of providing safe access to the vessel and to plaintiff's workspace aboard the vessel;

b. Warning plaintiff of hazardous conditions of the vessel or of the vessel's gear, equipment or workspaces that were known to them, or should have been known to them in the exercise of reasonable care, that would likely be encountered by plaintiff in the course of

his work and that were not known to plaintiff or which were practically unavoidable by plaintiff;

c.   Exercising due care to avoid exposing plaintiff to harm from hazards of the vessel or from hazards of vessel gear, equipment or workspaces under the active control of the defendants, that plaintiff may encounter while in the course and scope of his work aboard the vessel;

d.   Intervening and correcting a condition posing an unreasonable risk or harm to plaintiff when defendants knew or should have known of the danger, and that it would not be corrected by plaintiff, by plaintiff's employer or by others; and,

e.   Inspecting, detecting, and remedying dangerous conditions when such duty is imposed by contract, positive law or custom.

20.   Upon information and belief, at all times material herein, defendants and each of them, breached the aforementioned duties by, inter alia:

a.   Failing to turn over the vessel, and its gear, equipment, and workspaces in a reasonably safe condition for engine repair work to be performed by plaintiff, including in particular failing to provide plaintiff with safe means of access to his workspace in the engine room of the vessel, specifically including the set of aluminum stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs ;

b.   Failing to provide and maintain safe means of access to and from the vessel and/or to and from workspaces thereon which were under the active control of the defendants, specifically including the means of access to the engine room by way of the set of aluminum stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

c.   Failing to remedy the dangerous condition created by the lack of a safe means of access to and from the vessel and/or to and from workspaces thereon under the active control of the defendants, specifically including access to the engine room by way of the set of aluminum

COMPLAINT FOR DAMAGES FOR INJURIES UNDER GENERAL MARITIME LAW; DEMAND FOR JURY TRIAL

stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

d.  Failing to warn plaintiff of hazardous conditions, including without limitation the lack of a safe access to and from the vessel and/or to and from workspaces thereon under the active control of the defendants, specifically including access to the engine room by way of the set of aluminum stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs; and, to the extent such hazardous conditions were open or obvious, by failing to warn of and/or remedy such hazardous conditions when the defendants knew, or should have known, that such conditions would not be discovered by plaintiff or by plaintiff's employer, and/or that it would be impractical or impossible for plaintiff to avoid the hazards and that he would encounter same;

e.  Actively involving themselves in providing the means by which workers, including plaintiff, who came aboard the vessel to perform work in the engine room would gain access to the engine room, by selecting, approving, providing, inspecting and maintaining the set of aluminum stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

f.  Failing to intervene and correct the hazardous condition created by the lack of a safe means of access to and from the vessel and/or workspaces thereon, including but not limited to the engine room, despite that defendants selected, approved, provided, inspected and maintained a set of aluminum stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs, and despite that defendants knew, or should have known by reasonable inspection of the hazardous condition of the stairs, and further despite that defendants knew that that such conditions would not be discovered by plaintiff or by

COMPLAINT FOR DAMAGES FOR INJURIES UNDER GENERAL MARITIME LAW; DEMAND FOR JURY TRIAL

plaintiff's employer, and/or that it would be impractical or impossible for plaintiff to avoid the hazards and that he would encounter same, and yet further despite that defendants knew that they had not warned plaintiff of said hazards;

g.    Failing to inspect, detect and remedy a dangerous condition of the vessel and/or its gear and equipment under the active control of the defendants to the extent such duty was imposed by contract, positive law or custom;

h.    In other manners, negligent acts and/or omissions expected to be discovered during litigation and in the course of ongoing investigation and discovery.

21.    As a direct and legal result of defendant's breach of a duty of care owed to plaintiff, plaintiff was injured and suffered damages as aforesaid.

## PRAYER

WHEREFORE, plaintiff prays for damages against defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For medical expenses, past and future, according to proof;

3.    For loss of earnings and earning capacity, according to proof;

4.    For prejudgment interest;

5.    For costs of suit; and

6.    For other such relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff, KEVIN R. SMOCK, hereby demands trial by jury of the above-captioned matter.

Dated: July 15, 2020                              LAW OFFICES OF
                                                  CHARLES D. NAYLOR


                                    By:    _/s/ Charles D. Naylor_____
                                           CHARLES D. NAYLOR
                                           Attorneys for Plaintiff,
                                           KEVIN R. SMOCK

8

EXHIBIT B

1   JOHN D. GIFFIN, CASB No. 89608
    john.giffin@kyl.com
2   CONNOR M. TRAFTON, CASB No. 327197
    connor.trafton@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation
4   400 Oceangate, Suite 1400
    Long Beach, California  90802
5   Telephone:    (562) 436-2000
    Facsimile:    (562) 436-7416
6
    Attorneys for Defendant
7   M/V ROYAL BUZZARD, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10        CENTRAL DISTRICT – SPRING STREET COURTHOUSE

11  KEVIN R. SMOCK,                    )  Case No. 20STCV26646
                                       )
12                     Plaintiff,      )  *Action Filed:  July 15, 2020*
                                       )
13           vs.                       )  **DEFENDANT'S NOTICE TO THE CLERK**
                                       )  **OF THE SUPERIOR COURT OF THE**
14  M/V ROYAL BUZZARD, INC., and       )  **FILING OF REMOVAL AND REMOVAL**
    DOES 1 through 10, inclusive,      )  **OF ACTION TO FEDERAL COURT**
15                                     )
                       Defendants.     )  *ASSIGNED FOR ALL PURPOSES TO:*
16                                     )  *Judge Kristin S. Escalante, Dept. 29*
                                       )
17  _____)

18

19  TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS

20  ANGELES:

21          PLEASE TAKE NOTICE that Defendant M/V ROYAL BUZZARD, INC.

22  ("Defendant") has removed the above-entitled action to the United States District Court for the Central

23  District of California.  Attached hereto as Exhibit "A" are true and correct copies of the Notice of

24  Filing of Removal of Action, Notice of Removal, and the Declaration of Connor M. Trafton, the

25  originals of which have been filed in the United States District Court for the Northern District of

26  California in connection with the above-entitled action.

27

28  ///

                                    - 1 -
    DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND
    REMOVAL OF ACTION TO FEDERAL COURT
    KYL4848-1781-9593.1

1    PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing

2  of the attached Notice of Removal with the federal court effects removal of this action, and this Court

3  may proceed no further unless and until the case is remanded.

4

5

6  DATED:  September 4, 2020

7                                          JOHN D. GIFFIN
                                          CONNOR M. TRAFTON
8                                          KEESAL, YOUNG & LOGAN
                                          Attorneys for Defendant
9                                          M/V ROYAL BUZZARD, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND
REMOVAL OF ACTION TO FEDERAL COURT
KYL4848-1781-9593.1

Case Name:   *Kevin R. Smock v. M/V ROYAL BUZZARD, INC., and Does 1 thru 10, inclusive*
LASC Case No.: 20STCV26646
USDC Central District Case No: 2:20-cv-08043
KYL File No.: 7105-10

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and

4

not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Suite 1400, Long Beach, California  90802.

5

      On September 4, 2020, I served the foregoing documents described as **DEFENDANT'S**

6

**NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

Charles D. Nayler, Esq.                                    Plaintiff's Counsel
Law Offices of Charles D. Naylor

9

11 Golden Shore, Ste 350
Long Beach, CA  90802

10

Ph. (310) 514-1200
Fax(310) 514-1837

11

Email: cnaylor@naylorlaw.com

12

      ☑     BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed

13

to the above-named persons at the addresses exhibited therewith and (specify one):

14

      ☐     I deposited the sealed envelope with the United States Postal Service, with the
postage fully prepaid.

15

      ☑     I placed the envelope for collection and mailing, following our ordinary

16

business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and

17

mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

18

I am a resident or employed in the county where the mailing occurred.  The envelope or package was

19

placed in the mail at Long Beach, California.

20

      Executed on September 4, 2020 at Long Beach, California.

21

      I declare under penalty of perjury under the laws of the State of California and United States of
America that the foregoing is true and correct.

22

23

      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

24

25

_____
STEPHANIE U. FRIEBURG

26

27

- 1 -

28

1    JOHN D. GIFFIN, CASB No. 89608
     john.giffin@kyl.com
2    CONNOR M. TRAFTON, CASB No. 327197
     connor.trafton@kyl.com
3    KEESAL, YOUNG & LOGAN
     A Professional Corporation
4    400 Oceangate, Suite 1400
     Long Beach, California  90802
5    Telephone:     (562) 436-2000
     Facsimile:     (562) 436-7416
6
     Attorneys for Defendant
7    M/V ROYAL BUZZARD, INC.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10        **CENTRAL DISTRICT – SPRING STREET COURTHOUSE**

11   KEVIN R. SMOCK,                      )   Case No. 20STCV26646
                                          )
12                        Plaintiff,      )   *Action Filed:  July 15, 2020*
                                          )
13         vs.                            )   **DEFENDANT'S NOTICE TO ADVERSE**
                                          )   **PARTY OF REMOVAL TO FEDERAL**
14   M/V ROYAL BUZZARD, INC., and         )   **COURT**
     DOES 1 through 10, inclusive,        )
15                                        )   *ASSIGNED FOR ALL PURPOSES TO:*
                        Defendants.       )   *Judge Kristin S. Escalante, Dept. 29*
16                                        )
                                          )
17   _____  )

18

19   TO PLAINTIFF KEVIN R. SMOCK:

20              PLEASE TAKE NOTICE that Notice of Removal of this action was filed in the United

21   States District Court for the Central District of California on September 4, 2020.  A copy of said

22   Notice of Removal is attached hereto as Exhibit A, and is served and filed herewith.

23

24   DATED:  September 4, 2020

25                                        JOHN D. GIFFIN
                                          CONNOR M. TRAFTON
26                                        KEESAL, YOUNG & LOGAN
                                          Attorneys for Defendant
27                                        M/V ROYAL BUZZARD, INC.

28

                                    - 1 -

Case Name:   *Kevin R. Smock v. M/V ROYAL BUZZARD, INC., and Does 1 thru 10, inclusive*
LASC Case No.: 20STCV26646
USDC Central District Case No: 2:20-cv-08043
KYL File No.: 7105-10

1                             **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Suite 1400, Long Beach, California  90802.

5        On September 4, 2020, I served the foregoing documents described as **DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7 Charles D. Nayler, Esq.                     Plaintiff's Counsel
Law Offices of Charles D. Naylor
11 Golden Shore, Ste 350
Long Beach, CA  90802
Ph. (310) 514-1200
Fax(310) 514-1837
Email: cnaylor@naylorlaw.com

12       ☑     BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

13       ☐     I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15       ☑     I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

18 I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Long Beach, California.

19        Executed on September 4, 2020 at Long Beach, California.

20        I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

22        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                            _____
                            STEPHANIE U. FRIEBURG

28 Proof of Service
KYL4844-3778-6569.1

Case Name:    *Kevin R. Smock v. M/V ROYAL BUZZARD, INC., and Does 1 thru 10, inclusive*
LASC Case No.: 20STCV26646
USDC Central District Case No: 2:20-cv-08043
KYL File No.: 7105-10

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Suite 1400, Long Beach, California  90802.

5

6

        On September 4, 2020, I served the foregoing documents described as **NOTICE OF REMOVAL BY DEFENDANT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

Charles D. Nayler, Esq.                            Plaintiff's Counsel
Law Offices of Charles D. Naylor

9

11 Golden Shore, Ste 350
Long Beach, CA  90802
Ph. (310) 514-1200

10

Fax(310) 514-1837
Email: cnaylor@naylorlaw.com

11

12

        ☑        BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

13

14

        ☐        I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15

16

17

        ☑        I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

18

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Long Beach, California.

19

        Executed on September 4, 2020 at Long Beach, California.

20

21

        I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

22

        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

24

_____

25

STEPHANIE U. FRIEBURG

26

27

28

Proof of Service
KYL4844-3778-6569.1