Electronically FILED by Superior Court of California, County of Los Angeles on 07/16/2020 10:01 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk
Case 2:20-cv-08043-AB-JPR   Document 2-1   Filed 09/04/20   Page 1 of 9   Page ID #:24
20STCV26646

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

M/V ROYAL BUZZARD, INC.; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN R. SMOCK

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Stanley Mosk Courthouse-Central District
111 North Hill Street, Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
20STCV26646

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles D. Naylor, #62243, 11 Golden Shore, #350, Long Beach, CA 90802    310-514-1200

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 07/16/2020          Clerk, by M. Mariano, Deputy
*(Fecha)*               *(Secretario)*         *(Adjunto)*

(For proof of service of this summons, use *Proof of Service of Summons (form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
American LegalNet, Inc.
www.Forms*Workflow*.com

Electronically FILED by Superior Court of California, County of Los Angeles on 07/15/2020 12:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
Case 2:20-cv-08043-AB-JPR   Document 2-1   Filed 09/04/20   Page 2 of 9   Page ID #:25
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

CHARLES D. NAYLOR, State Bar No. 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, California 90802
Telephone:   (310) 514-1200
Facsimile:   (310) 514-1837
E-Mail:      cnaylor@naylorlaw.com

Attorney for Plaintiff, KEVIN R. SMOCK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KEVIN R. SMOCK,<br><br>    Plaintiff,<br><br>vs.<br><br>M/V ROYAL BUZZARD, INC., and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 20STCV26646<br><br>**COMPLAINT FOR DAMAGES FOR INJURIES UNDER GENERAL MARITIME LAW; DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, KEVIN R. SMOCK, (hereinafter "Plaintiff") and for causes of action against defendants, and each of them, complains and alleges as follows:

**JURISDICTION & VENUE**

1.   This action is brought under the general maritime law of the United States, for damages for personal injuries suffered by Plaintiff while he was aboard defendant's vessel, at their express invitation, to perform engine repairs while Defendant's vessel was berthed on navigable waters, at defendants private dock on Balboa Island, California.  Plaintiff elects to bring this action in state court pursuant to the "saving to suitors" clause of Title 28, U.S.C. section 1333 (1).

2.   Plaintiff is informed and believes and thereon alleges, that at all times herein material, defendant, M/V ROYAL BUZZARD, INC. (hereinafter "BUZZARD"), was and is a corporation organized under the

Case 2:20-cv-08043-AB-JPR   Document 2-1   Filed 09/04/20   Page 3 of 9   Page ID #:26

laws of the state of Oregon, registered to do business in that state, and is also doing business in the State of California, without maintaining an office in California and without registering with the State of California to do so. Pursuant to California Code of Civil Procedure section 395 plaintiff designates the Superior Court for the County of Los Angeles for trial of this matter. See e.g. *Easton v. Superior Court* (1970) 12 Cal. App. 3d 243, 246.

## GENERAL ALLEGATIONS

3. At all times herein material, plaintiff was and is a resident of the State of California, County of Los Angeles, and was and is an employee of the Quinn Group Inc., employed by them as a marine mechanic, and at the time of the incident alleged herein, was acting in the course and scope of said employment.

4. At all times herein material, defendant BUZZARD was the owner and was the owner and/or operator of the vessel M/V ROYAL BUZZARD, U.S. Coast Guard Document No. 1126443 (hereinafter "vessel"), which said vessel defendant used for recreational and/or commercial purposes on navigable waters of the United States, and on the high seas.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and, therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were legally caused by said negligence.

6. Plaintiff is informed and believes and thereupon alleges that at all times material herein, defendants, and each of them, were the agents, employees, and/or joint venturers of each codefendant, and were acting within the course and scope of such agency, employment and/or joint venture.

7. At all times material herein, defendant's vessel was moored in its berth, on navigable waters of the United States, at a private dock located on Balboa Island, California.

8. At all times material herein, plaintiff was aboard defendant's vessel at their express invitation to perform engine repairs in the course and scope of his employment with the Quinn Group.

COMPLAINT FOR DAMAGES FOR INJURIES UNDER GENERAL MARITIME LAW; DEMAND FOR JURY TRIAL

9. On or about July 24, 2018, plaintiff was aboard defendant's vessel as a marine mechanic to perform repairs to one of the vessel engines in an engine room below deck. To allow for the movement of crew and other workers from the main deck into the engine room, defendant provided a set of aluminum stairs with folding treads, which in the open position provided stair treads, and in the closed position provided a flat surface without treads. When plaintiff boarded the vessel the stairs to the engine room were in the open position. To get from the main deck of the vessel to the engine room to perform his work, plaintiff stepped onto the engine room stairs and began to descend. When he reached the second step down, the mechanism that retained the stairs in the open position seemingly failed, causing the stairs treads to fold into the closed position, turning the stairs into a steep slide and causing plaintiff to fall to the bottom of the stairs where he sustained serious injuries, including but not limited to injuries to his back, left shoulder, left knee and left ankle.

10. As a direct and legal result of the incident alleged herein plaintiff, was hurt and injured in his health, strength, and activity, sustaining severe physical injury to her body, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain, and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

11. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for plaintiff to receive medical care and treatment. Plaintiff is informed and believes and thereon alleges that further such care and treatment will be necessary for an indefinite time in the future. The cost of plaintiff's medical care and treatment, past and future, is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

12. As a further direct and legal result of the incident herein alleged, plaintiff was prevented from attending to his usual activities and occupation for a period of time and is informed and believes and thereon alleges that he will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings and earning capacity, the exact amount of which is unknown at this time. Plaintiff alleges as damages herein such loss of earnings and earning capacity, in an amount

according to proof at trial.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

(Negligence - General Maritime Law)

13. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 12, inclusive, of the Jurisdiction, Venue, and General Allegations of this Complaint as though the same were fully set forth.

14. As the owner and operator of the vessel, defendants owed plaintiff a duty to exercise reasonable care under the circumstances to avoid causing personal injuries, including a duty to provide plaintiff with safe ingress to the vessel and to his ultimate workplace aboard the vessel, and to safe egress from the vessel. Defendants had a further duty to warn plaintiff of any dangerous conditions which were known to them, or could have been known to defendants by reasonable inspection.

15. Defendants breached their duty of care to plaintiff by, inter alia.

   a. Causing or allowing the means of ingress to and egress from the vessel engine room that it provided to plaintiff, to be in a dangerous and defective condition, in that the set of aluminum stairs with folding treads folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

   b. By providing a set of aluminum stairs with folding treads for plaintiff to use to get from the main deck of the vessel to the engine room to perform his work, which said stairs were in a dangerous and defective condition, in that the stairway treads folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

   c. By selecting, installing and/or approving of the selection and installation of a set of aluminum stairs with folding treads for plaintiff to use to get from the main deck of the vessel to the engine room to perform his work, which said stairs were in a dangerous and defective condition, in that the stairway treads folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

   d. By failing to properly inspect, maintain and repair the set of aluminum stairs they provided to plaintiff to get from the main deck of the vessel to the engine room to perform his work, to such extent that said stairs were in a dangerous and defective condition, and as a result the folding treads folded into

the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

   e.  By failing to take appropriate corrective action, despite actual and/or constructive knowledge of the dangerous conditions described above, prior to plaintiff's fall;

   f.  By failing to warn passengers, visitors, and invitees, including Plaintiff, of the aforesaid dangerous conditions.

16.  As a direct and legal result of defendant's breach of a duty of care owed to plaintiff, plaintiff was injured and suffered damages as aforesaid.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence-33 U.S.C. § 905 (b))

17.  Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 16, inclusive, of the Jurisdiction, Venue, General Allegations and First Cause of Action of this Complaint as though the same were fully set forth.

18.  Plaintiff alleges that in performing his work aboard the vessel, he was working as a harbor worker as defined in 33 U.S.C. § 902(3), and was aboard said vessel in order to perform work thereon, and was at all times acting within the course and scope of his employment.

19.  At all times material herein, defendants as the owners, owners pro hac vice, and/or operators of the vessel, owed plaintiff a duty not to negligently cause him injury, and more specifically, the defendants and each of them, owed plaintiff the duty of:

   a.  Exercising due care under the circumstances in turning over the vessel, its gear, equipment and workspaces in a reasonably safe condition so that plaintiff could safely carry out his work, including the duty of providing safe access to the vessel and to plaintiff's workspace aboard the vessel;

   b.  Warning plaintiff of hazardous conditions of the vessel or of the vessel's gear, equipment or workspaces that were known to them, or should have been known to them in the exercise of reasonable care, that would likely be encountered by plaintiff in the course of

his work and that were not known to plaintiff or which were practically unavoidable by plaintiff;

c. Exercising due care to avoid exposing plaintiff to harm from hazards of the vessel or from hazards of vessel gear, equipment or workspaces under the active control of the defendants, that plaintiff may encounter while in the course and scope of his work aboard the vessel;

d. Intervening and correcting a condition posing an unreasonable risk or harm to plaintiff when defendants knew or should have known of the danger, and that it would not be corrected by plaintiff, by plaintiff's employer or by others; and,

e. Inspecting, detecting, and remedying dangerous conditions when such duty is imposed by contract, positive law or custom.

20. Upon information and belief, at all times material herein, defendants and each of them, breached the aforementioned duties by, inter alia:

a. Failing to turn over the vessel, and its gear, equipment, and workspaces in a reasonably safe condition for engine repair work to be performed by plaintiff, including in particular failing to provide plaintiff with safe means of access to his workspace in the engine room of the vessel, specifically including the set of aluminum stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs ;

b. Failing to provide and maintain safe means of access to and from the vessel and/or to and from workspaces thereon which were under the active control of the defendants, specifically including the means of access to the engine room by way of the set of aluminum stairs with folding treads that folded into the closed position while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the stairs;

c. Failing to remedy the dangerous condition created by the lack of a safe means of access to and from the vessel and/or to and from workspaces thereon under the active control of the defendants, specifically including access to the engine room by way of the set of aluminum

6
COMPLAINT FOR DAMAGES FOR INJURIES UNDER GENERAL MARITIME LAW; DEMAND FOR JURY TRIAL

|    |    |    |
|----|----|----|
| 1  |    | stairs with folding treads that folded into the closed position while plaintiff was using |
| 2  |    | them, turning the stairway into a steep slide, causing plaintiff to fall to the bottom of the |
| 3  |    | stairs; |
| 4  | d. | Failing to warn plaintiff of hazardous conditions, including without limitation the lack of a |
| 5  |    | safe access to and from the vessel and/or to and from workspaces thereon under the active |
| 6  |    | control of the defendants, specifically including access to the engine room by way of the |
| 7  |    | set of aluminum stairs with folding treads that folded into the closed position while |
| 8  |    | plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to |
| 9  |    | the bottom of the stairs; and, to the extent such hazardous conditions were open or obvious, |
| 10 |    | by failing to warn of and/or remedy such hazardous conditions when the defendants knew, |
| 11 |    | or should have known, that such conditions would not be discovered by plaintiff or by |
| 12 |    | plaintiff's employer, and/or that it would be impractical or impossible for plaintiff to avoid |
| 13 |    | the hazards and that he would encounter same; |
| 14 | e. | Actively involving themselves in providing the means by which workers, including |
| 15 |    | plaintiff, who came aboard the vessel to perform work in the engine room would gain |
| 16 |    | access to the engine room, by selecting, approving, providing, inspecting and maintaining |
| 17 |    | the set of aluminum stairs with folding treads that folded into the closed position while |
| 18 |    | plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to fall to |
| 19 |    | the bottom of the stairs; |
| 20 | f. | Failing to intervene and correct the hazardous condition created by the lack of a safe means |
| 21 |    | of access to and from the vessel and/or workspaces thereon, including but not limited to the |
| 22 |    | engine room, despite that defendants selected, approved, provided, inspected and |
| 23 |    | maintained a set of aluminum stairs with folding treads that folded into the closed position |
| 24 |    | while plaintiff was using them, turning the stairway into a steep slide, causing plaintiff to |
| 25 |    | fall to the bottom of the stairs, and despite that defendants knew, or should have known by |
| 26 |    | reasonable inspection of the hazardous condition of the stairs, and further despite that |
| 27 |    | defendants knew that that such conditions would not be discovered by plaintiff or by |
| 28 |    |    |

plaintiff's employer, and/or that it would be impractical or impossible for plaintiff to avoid the hazards and that he would encounter same, and yet further despite that defendants knew that they had not warned plaintiff of said hazards;

g. Failing to inspect, detect and remedy a dangerous condition of the vessel and/or its gear and equipment under the active control of the defendants to the extent such duty was imposed by contract, positive law or custom;

h. In other manners, negligent acts and/or omissions expected to be discovered during litigation and in the course of ongoing investigation and discovery.

21. As a direct and legal result of defendant's breach of a duty of care owed to plaintiff, plaintiff was injured and suffered damages as aforesaid.

**PRAYER**

WHEREFORE, plaintiff prays for damages against defendants, and each of them, as follows:

1. For general damages according to proof;
2. For medical expenses, past and future, according to proof;
3. For loss of earnings and earning capacity, according to proof;
4. For prejudgment interest;
5. For costs of suit; and
6. For other such relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, KEVIN R. SMOCK, hereby demands trial by jury of the above-captioned matter.

Dated: July 15, 2020

LAW OFFICES OF
CHARLES D. NAYLOR

By: */s/ Charles D. Naylor*
CHARLES D. NAYLOR
Attorneys for Plaintiff,
KEVIN R. SMOCK

8
COMPLAINT FOR DAMAGES FOR INJURIES UNDER GENERAL MARITIME LAW; DEMAND FOR JURY TRIAL