```
 1  JOHN D. GIFFIN, CASB No. 89608
    john.giffin@kyl.com
 2  CONNOR M. TRAFTON, CASB No. 327197
    connor.trafton@kyl.com
 3  KEESAL, YOUNG & LOGAN
    A Professional Corporation
 4  450 Pacific Avenue
    San Francisco, California 94133
 5  Telephone:  (415) 398-6000
    Facsimile:  (415) 981-0136
 6
 7  Attorneys for Defendant
    M/V ROYAL BUZZARD, INC.
 8
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| KEVIN R. SMOCK,<br><br>          Plaintiff,<br><br>vs.<br><br>M/V ROYAL BUZZARD, INC., and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:20-cv-08043 AB (JPRx)<br><br>**DEFENDANT M/V ROYAL BUZZARD, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

       Defendant M/V ROYAL BUZZARD, INC. ("Defendant") responds to Plaintiff's Complaint as follows:

       1.    In response to paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff was present to perform engine repairs aboard Defendant's vessel, and that its vessel was berthed on navigable waters. Defendant also admits that the Court has concurrent subject matter jurisdiction pursuant to the "saving to suitors" clause of Title 28, U.S.C. section 1333 (1). Defendant lacks sufficient information to

1 | respond to all other allegations contained in paragraph 1 and therefore, based upon its
2 | lack of information and belief, Defendant denies those allegations in their entirety.

      2.      In response to paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a corporation organized under the laws of the State of Oregon. All other allegations contained therein are denied in their entirety.

      3.      Defendant lacks sufficient information to respond to those allegations contained in paragraphs 3 and 5 of Plaintiff's Complaint and therefore, based upon its lack of information and belief, Defendant denies those allegations in their entirety.

      4.      In response to paragraph 4 of Plaintiff's Complaint, Defendant admits that for all times material to the allegations Defendant was the owner of the vessel M/V ROYAL BUZZARD, U.S. Coast Guard Document No. 1126443, and that the vessel was used for recreational purposes on navigable waters of the United States. All other allegations contained therein are denied in their entirety.

      5.      Defendant denies, in their entirety, those allegations contained in paragraphs 6, 10, 11, 12, 15, 16, 20, and 21.

      6.      Defendant admits those allegations contained in paragraph 7.

      7.      In response to paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff was present to perform engine repairs aboard Defendant's vessel. Defendant lacks sufficient information to respond to all other allegations contained in paragraph 8 and therefore, based upon its lack of information and belief, Defendant denies those allegations in their entirety.

      8.      In response to paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff was aboard Defendant's vessel to perform repairs to one of the vessel engines in an engine room below deck. Defendant lacks sufficient information to respond to all other allegations contained in paragraph 9 and therefore, based upon its lack of information and belief, Defendant denies those allegations in their entirety.

///

KYL4816-1941-9594.1

1        9.    In response to paragraphs 14 and 19 of Plaintiff's Complaint, Defendant admits that it owed Plaintiff the applicable legal duty of care while Plaintiff was working on Defendant's vessel. Defendant lacks sufficient information and belief to respond to any other allegation contained therein and therefore based on its lack of information and belief Defendant denies all other such allegations in their entirety.

      10.    In response to paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff was aboard Defendant's vessel to perform repairs. Defendant lacks sufficient information to respond to all other allegations contained in paragraph 18 and therefore, based upon its lack of information and belief, Defendant denies those allegations in their entirety.

      11.    In response to paragraphs 13 and 17 of Plaintiff's Complaint, Defendant incorporates, by this reference, its responses to those allegations incorporated by reference by those paragraphs.

      Defendant denies that Plaintiff is entitled to damages of any nature and amount.

///

///

- 3 -

KYL4816-1941-9594.1

**AFFIRMATIVE DEFENSES**

1.  FOR A FIRST SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant states that Plaintiff's recovery, if any, of damages from this Defendant should be limited due to Plaintiff's failure to properly mitigate his damages.

2.  FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant asserts that at all times mentioned in the Complaint, the Plaintiff so carelessly, recklessly and negligently conducted and maintained himself so as to cause and contribute in some way to the damages, if any, alleged to have been sustained by Plaintiff. Therefore, Plaintiff's recovery herein as to any damage and injuries suffered by Plaintiff, if any, shall be diminished to the extent that such injury or damages were proximately caused by the negligence or intentional conduct of Plaintiff.

3.  FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant states that any injury to Plaintiff was caused or contributed to by persons other than Defendant.

4.  FOR A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant states that all of the risks and dangers involved in the undertaking in which Plaintiff was engaged at the time and place alleged were well known to, understood, and appreciated by Plaintiff, who knowingly undertook and assumed all the risks involved in such undertaking. Accordingly, Plaintiff's voluntary assumption of the risk is a complete bar to Plaintiff's Complaint, or alternatively, reduces his right of recovery by the amount which his assumption of risk contributed to the incident.

5.  FOR A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant states that any act or omission of the Defendant alleged to have contributed to or to have caused Plaintiff's damages was superseded by the acts or omissions of others, including Plaintiff, which were the independent, intervening and proximate causes of any damages sustained by Plaintiff.

6. FOR A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant states that Plaintiff's injuries, if any, were the result of a previous physical condition or were the result of a medical condition not connected in any way with the alleged incident giving rise to Plaintiff's claims.

7. FOR A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

8. FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint Defendant alleges that the subject equipment was not in a dangerous condition at any time relevant hereto, but to the extent it was in a dangerous condition, the dangerous condition was not created by any negligence, wrongful or unreasonable act or omission on the part of Defendant or any of its employees acting within the scope of their employment.

DATED: September 11, 2020

JOHN D. GIFFIN
CONNOR M. TRAFTON
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
M/V ROYAL BUZZARD, INC.

- 5 -

KYL4816-1941-9594.1

Case Name: *Kevin R. Smock v. M/V ROYAL BUZZARD, INC., and Does 1 thru 10, inclusive*
USDC Central District Case No: 2:20-cv-08043
KYL File No.: 7105-10

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Suite 1400, Long Beach, California 90802.

On September 11, 2020, I served the foregoing documents described as **DEFENDANT M/V ROYAL BUZZARD, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Charles D. Nayler, Esq.                    Plaintiff's Counsel
Law Offices of Charles D. Naylor
11 Golden Shore, Ste 350
Long Beach, CA 90802
Ph. (310) 514-1200
Fax (310) 514-1837
Email: cnaylor@naylorlaw.com

☐ BY U.S. MAIL: I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

☐ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Long Beach, California.

☑ BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on September 11, 2020 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
STEPHANIE U. FRIEBURG

- 1 -

Proof of Service
KYL4844-3778-6569.1