Charles D. Naylor, Esq., (SBN 62243)
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, California 90802
Telephone: (310) 514-1200
Facsimile: (310) 514-1837
E-Mail: cnaylor@naylorlaw.com

Attorneys for Plaintiff, KEVIN R. SMOCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEVIN R. SMOCK,

Plaintiff,

v.

M/V ROYAL BUZZARD, INC., and DOES 1 through 10, inclusive

Defendant.

Case No.: 2:20-cv-08043-AB-JPR
*Assigned to Hon. Andre Birotte, Jr.*

**JOINT FED. R. CIV. PROC. 26(f) REPORT**

Pursuant to the Court's Order Setting Scheduling Conference dated September 14, 2020, Defendant M/V ROYAL BUZZARD, INC. and Plaintiff KEVIN R. SMOCK,by and through their counsel, hereby submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f).

The Parties, represented by the undersigned counsel, conducted their Rule 26(f) conference on November 20, 2020, to discuss the following enumerated topics. A summary of their respective positions is set forth below.

**1. <u>STATEMANT OF THE CASE</u>**

On or about July 24, 2018 while working as an independent repair contractor on Defendant's motor yacht, Plaintiff contents that he was injured when a stairway into the

engine compartment of the boat collapsed.

**2. SUBJECT MATTER JURISDICTION**

This matter was removed to this Court based on the courts diversity/alienage jurisdiction under 28 U.S.C. § 1332 because it is an action for damages for personal injuries, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs; and, because Plaintiff is a resident of California and Defendant is a is a corporation with its principal place of business in Oregon.

Alternatively, because the injury giving rise to this action occurred while Plaintiff was working aboard a vessel moored in it's berth at Balboa Island, California this court has admiralty jurisdiction under 28 U.S.C. § 1333 and the general maritime law of the United States.

**3. LEGAL ISSUES**

The key legal issues to be tried in this case are:

a. Whether any negligent act of defendant legally caused the alleged injuries or damages;

b. Whether plaintiff was comparatively negligent; and

c. Damages.

**4. PARTIES, EVIDENCE, ETC.**

All parties to this action are listed above and none have any corporate parent, subsidiary, or affiliated entities.

Defendant has not yet determined who installed the engine room stairs or when they were installed. Plaintiff has not yet had an opportunity to inspect the vessel, the engine room stairs or any of it's component parts that may have failed. Until the above has been completed the parties will not be in a position to determine whether additional parties will be brought into this action.

This is not likely to be a document-intensive case, other than the Plaintiff's medical and earnings records, the Vessel's operational, inspection, maintenance and repair documents. Most of the evidence will involve oral testimony from Plaintiff, vessel personnel, and possibly the installer of the engine room stairs. The names and contact information of specific key witnesses are and/or will be listed in the parties' respective initial disclosures.

**5. DAMAGES**

Plaintiff claims damages for personal injuries to include the reasonable value of past and future medical care, past wage loss and future loss of earning capacity and general damages according to proof. At present it is premature to state the amount of damages Plaintiff is seeking.

**6. INSURANCE**

The vessel and its owner, M/V ROYAL BUZZARD, INC., are insured by AIG Property Casualty Company. At present the insurer has not issued a formal reservation of rights.

**7. MOTIONS**

As noted above, it is possible that either or both parties will seek to join additional parties who installed and/or maintained the engine room stairs. Except for dispositive motions, no other motions are presently contemplated.

8. **DISPOSITIVE MOTIONS**

Both parties reserve the right to bring motions for summary judgment and/or summary adjudication depending on the outcome of discovery.

**9. MANUAL FOR COMPLEX LITIGATION**

This is not a complex case from a factual or legal perspective, therefore any supplemental rules or manuals for the handling of complex proceedings will likely not be necessary.

**10. STATUS OF DISCOVERY**

The parties have agreed to exchange initial disclosures on or before December 11, 2020. The parties have informally requested and exchanged information concerning liability and damags issues. Aside from the parties' initial disclosures, they have not yet conducted formal written discovery or noticed any depositions.

**11. DISCOVERY PLAN**

a. Initial Disclosures: The parties do not propose that any changes should be made in the timing, form or requirement for disclosures under Rule 26(a). Based on the Rule 26(f) conference call and Rule 26(a)(1)(C), initial disclosures will be served on or before December 11, 2020.

b. Extent/Scope of Discovery: Discovery is needed on the following subjects: installation, inspection, and maintenance of the engine room stairs, liability, causation, the nature and extent of Plaintiff's injuries and damages and Defendant's defenses to each claim, and any and all factual, evidentiary, and legal support. Anticipated discovery includes an inspection of he vessel, the engine room stairs and it's compenent parts, written interrogatories, requests for admissions, requests for production of documents, written discovery via issuance of subpoenas to third parties and oral depositions of Plaintiff, vessel personnel, person's who installed, inspected and maintained the engine room stairs, Defendant's "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant and percipient witnesses. The parties do not propose that discovery should be conducted in phases or be limited to particular issues.

c. Discovery Relating to Electronically Stored Information: The parties do not anticipate there being any issues relating to discovery of electronically stored information.

d. Protective Order: The parties are not presently aware of any issues requiring protective orders.

e. Proposed Changes in Limitations on Discovery: The parties do not propose any changes to the limits on discovery. The parties note, however, that a vessel

inspection and inspection of the engine room stairs and its components is necessary at the outset, but may delayed due to COVID-19 (Coronavirus) pandemic and government responses thereto may significantly affect their ability to conduct such inspections.

**12.DISCOVERY CUT-OFF**

The parties have agreed to a fact discovery cutoff deadline of 10/01/2021 and an expert discovery deadline of 9/10/2021.

**13.EXPERT DISCOVERY**

The parties have agreed to the following schedule of expert discovery:

a. 09/10/2021 – Initial Expert Disclosures

b. 10/08/2021 – Rebuttal Expert Disclosures

c. 11/05/2021 – Close of Expert Discovery

**14.SETTLEMENT CONFERENCE/ADR**

The parties have agreed to compete a private mediation on or before 11/19/2021.

**15.TRIAL ESTIMATE**

a. Trial Date: The parties sugges February 14, 2022 for the jury trial in this matter.

b. Anticipated Witnesses:

Plaintiff expects to call the following categories of witnesses:

(i) Plaintiff (1)

(ii) Vessel personnel 1-3)

(iii) Witness concerning installation, inspection, maintenance, and repair of the engine room stairs (1-3)

(iv) Plaintiffs treating physicians (2-3)

(v) Medical experts (1-2)

(vi) Other damages experts (1-2)

(vii) Liability experts (1-2)

Defendant expects to call the following categories of witnesses:

(i) Vessel employees (1-2)

      (ii) 3d party vessel maintenance and repair personnel (1-2)

(iii) Ladder manufacturer's representative and installer(1-2)

(iv) Plaintiff

(v) Plaintiff's treating physicians (2-3)

(vi) Medical Expert (1)

(vii) Liability Expert (1)

(viii) Expert Economist (1)

(ix) Vocational Rehabilitation Expert (1)

c. Trial Estimate: The parties anticipate the jury trial of this matter will require five (5) court days.

**16.TRIAL COUNSEL**

The case will be tried by the following attorneys:

For Plaintiff: Charles D. Naylor, Law Offices of Charles D. Naylor

For Defendant: John Giffin, Esq., Keesal, Young & Logan PC

**17.SPECIAL MASTER**

The parties are unlikely to require a special master for expert or discovery issues and motions.

18.**SCHEDULE WORKSHEET**

The parties attach their proposed scheduling worksheet as **Exhibit A** hereto.

**19.OTHER ISSUES**

The parties are not presently aware of other issues affecting the Scheduling Conference in this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES OF
CHARLES D. NAYLOR

Dated: 12/3/2020 By: */s/Charles D. Naylor*

Charles D. Naylor, Esq.
Attorneys for Plaintiff,
Kevin R. Smock

LAW OFFICES OF
CHARLES D. NAYLOR

Dated: 12/3/2020 By: */s/Jon Giffin*

John Giffin, Esq.
Attorneys for Defendant,
M/V ROYAL BUZZARD, INC.,

# EXHIBIT A

**JUDGE ANDRÉ BIROTTE JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| **Case No. 2:20-cv-08043-AB-JPR** | **Case Name: Kevin R. Smock vs. M/V Royal Buzzard, Inc.** | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [x] Jury Trial or [ ] Court Trial<br>**(*Tuesday* at 8:30 a.m., within 18 months after Complaint filed)**<br>Estimated Duration: 5 Days | | 02/14/2022 | | [ ] Jury Trial<br>[ ] Court Trial<br>_______ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine<br>**(*Friday* at 11:00 a.m., at least 17 days before trial)** | | 01/28/2022 | | |
| **Event** [1]<br>***Note:*** Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties *[Friday]* | | 04/01/2021 | | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for *filing* dispositive motion)** | 17 | 09/10/2021 | | |
| Expert Disclosure (Initial) | | 09/10/2021 | | |
| Expert Disclosure (Rebuttal) | | 10/08/2021 | | |
| Expert Discovery Cut-Off | 12[2] | 11/05/2021 | | |
| Last Date to ***Hear*** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 11/05/2021 | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one: [ ] 1. Magistrate Judge *(with Court approval)*<br>[ ] 2. Court's Mediation Panel<br>[x ] 3. Private Mediation | 10 | 11/19/2021 | | [ ] 1. Mag. J.<br>[ ] 2. Panel<br>[ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 01/07/2022 | | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 01/14/2022 | | |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.***

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of **JOINT FED. R. CIV. PROC. 26(f) REPORT** was duly served upon the following parties on 12/3/2020.

John Giffin, Esq.
Keesal, Young & Logan PC
450 Pacific Ave.
San Francisco, CA 94133
john.giffin@KYL.com
Attorney for Defendant: M/V Royal Buzzard, Inc.

☐ **(BY MAIL):** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION):** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own knowledge and that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed this 3rd day of December, 2020 at Orange, California.

*/s/ Stacy Alenbaugh*
Stacy Alenbaugh, Paralegal